IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| WORKHORSE GROUP, INC., | No. 21-cv-01484 |
| Plaintiff, |  |
|  | Judge Zachary N. Somers |
| v. |  |
| THE UNITED STATES, |  |
| Defendant. |  |

**OSHKOSH DEFENSE, LLC'S UNOPPOSED MOTION TO INTERVENE**

Pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims ("RCFC"), Oshkosh Defense, LLC ("Oshkosh"), respectfully moves the Court to join in this action as a Defendant-Intervenor.  Oshkosh is the awardee under solicitation number 3D-20-A-0031 (the "Award") issued by the United States Postal Service.  The Award is the subject of Plaintiff Workhorse Group, Inc.'s ("Workhorse") Complaint.  Oshkosh has conferred with both the United States and Workhorse, and they do not oppose Oshkosh's intervention.

Under RCFC 24(a), an applicant has a right to intervene in a case upon making a timely motion showing that it has "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  RCFC 24(a); *see also Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006).  "The United States Court of Appeals for the Federal Circuit has advised that 'the requirements for intervention are to be construed in favor of intervention.'"  *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quoting *Am. Mar. Transp., Inc. v.*

*United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)).

Oshkosh, as the awardee, has a direct and substantial economic interest in this action. *See Armour of America v. United States*, 70 Fed. Cl. 240, 243 (2006). "This is not a very high barrier." *Northrop*, 74 Fed. Cl. at 414. In procurement-related cases," a "direct economic interest" can be demonstrated by showing a "non-trivial competitive injury which can be redressed by judicial relief." *Weeks Marine Inc. v. United States*, 79 Fed. Cl. 22, 35 (2007), *aff'd in relevant part*, 575 F.3d 1352, 1361 (Fed. Cir. 2009). For these reasons, courts frequently grant intervention requests by awardees in cases challenging the propriety of an agency's award decision. *See, e.g.*, *Akal Sec., Inc. v. United States*, 103 Fed. Cl. 310, 323 (2011); *Benefits Consulting Asscs., LLC v. United States*, 93 Fed. Cl. 254, 268-69 (2010).

Here, if Workhorse prevails, Oshkosh, as the awardee, will certainly suffer a nontrivial competitive injury because a re-evaluation may affect the award result. As such, because Oshkosh's economic well-being clearly can be affected by the Court's resolution of this action, Oshkosh has a direct and immediate interest in the litigation. *See Emerald Coast Finest Produce Co., Inc. v. United States*, 74 Fed. Cl. 679, 680-81 (2006).

Intervention is further appropriate here because Oshkosh's interest is similar, but not identical, to the interests of the United States. Courts recognize that "where the intervenor's interest is similar but not identical to that of an existing party, the applicant 'ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee.'" *United States v. Am. Tel. & Tel.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) (citation omitted). Because the United States could potentially present arguments or propose relief that diverges with Oshkosh's interests, such interests are not adequately represented in this case absent Oshkosh's intervention. *See Benefits Consulting*, 93 Fed. Cl. at 268-69.

Finally, Oshkosh's motion to intervene is timely because it is being filed on the same day Workhorse filed its Complaint.  *See M.E.S., Inc. v. United States*, 99 Fed. Cl. 239, 242 (2011) (citing *Belton Indus., Inc. v. United States*, 6 F.3d 756, 762 (Fed. Cir. 1993)). The existing parties will suffer no prejudice were the Court to grant Oshkosh's motion to intervene because the action has just begun and the United States has not yet issued the administrative record.  Conversely, were Oshkosh denied the opportunity to intervene in this case, it would be substantially prejudiced.  Thus, Oshkosh's motion to intervene is proper and timely.

For the foregoing reasons, Oshkosh respectfully requests the Court enter an order granting Oshkosh's Motion to Intervene in this matter.


Dated: June 16, 2021                         Respectfully Submitted,

/s/ Scott Arnold
Scott Arnold
**BLANK ROME LLP**
1825 Eye Street, NW
Washington, D.C.  20006
T: (202) 420-4736
F: (202) 379-9274
E: Sarnold@blankrome.com
*Counsel for Oshkosh Defense, LLC*

Of Counsel:
Justin A. Chiarodo
Stephanie M. Harden
Robyn N. Burrows
Michael J. Montalbano
BLANK ROME LLP
1825 Eye Street, NW
Washington, D.C.  20006

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June, 2021, I caused a copy of the foregoing Oshkosh Defense, LLC's Motion to Intervene to be served via electronic service through the Courts ECF filing system on all parties of record.

/s/ Scott Arnold
Scott Arnold
**BLANK ROME LLP**
1825 Eye Street, NW
Washington, D.C.  20006
T: (202) 420-4736
F: (202) 379-9274
E: Sarnold@blankrome.com
*Counsel for Oshkosh Defense, LLC*