### IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### BID PROTEST

| | | |
|---|---|---|
| WORKHORSE GROUP, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | Case No. 21-1484C |
| Defendant, | ) ) | (Judge Somers) |
| and | ) ) | |
| OSHKOSH DEFENSE, LLC, | ) ) | |
| Defendant-Intervenor. | ) ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME**

Pursuant to Rules 6(b) and 6.1 of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court enlarge our time for filing a reply brief in support of our pending motion to dismiss by 7 days. Our reply is currently due on July 27, 2021. *See* June 17, 2021 Order, ECF No. 15. Should the Court grant the requested enlargement of time, our reply brief will be due on August 3, 2021. We have not previously requested an enlargement of time for this purpose. Plaintiff and defendant-intervenor do not oppose the requested relief.

On June 17, 2021, the Court held a telephonic initial status conference in this matter. At that conference, the Court permitted the parties to brief one threshold issue before addressing the merits of plaintiff's protest: whether the case should be dismissed for failure to exhaust administrative remedies. *See* June 17, 2021 Order, ECF No. 15. With the understanding that this initial round of briefing is limited to this single questions, counsel for all parties agreed on an

expedited briefing schedule.  Under this schedule, once plaintiff responds to the motions to dismiss, the Government and defendant-intervenor will have one week to file their respective reply briefs.

The Government and defendant-intervenor timely filed motions to dismiss for failure to exhaust administrative remedies on July 6, 2021 (ECF Nos. 29, 30).  On July 20, 2021, plaintiff timely filed an opposition to these motions (ECF No. 38).  In addition to responding to the arguments about exhaustion, however, plaintiff also argues that the administrative process established by the United States Postal Service (Postal Service) violates the Constitution's Appointments Clause.  This is a complex and nuanced issue that requires further research and consideration, as well as consultation with Postal Service attorneys.  To adequately respond to plaintiff's Appointments Clause argument, additional time is necessary.  We believe that an enlargement of time of 7 days should suffice to prepare the Government's reply brief in this case.

## CONCLUSION

For these reasons, we respectfully request that the Court enlarge the Government's time for filing a reply brief in support of its pending motion to dismiss by 7 days, to and including August 3, 2021.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Acting Assistant Attorney General

    MARTIN F. HOCKEY, JR.
    Acting Director

    /s/ Douglas K. Mickle
    DOUGLAS K. MICKLE
    Assistant Director

| | |
|---|---|
| OF COUNSEL: | /s/ Borislav Kushnir |
| | BORISLAV KUSHNIR |
| MICHELLE A. WINDMUELLER | Trial Attorney |
| MICHAEL F. KIELY | Commercial Litigation Branch |
| ROBERT J. DIETZ | Civil Division |
| Attorneys | U.S. Department of Justice |
| United States Postal Service | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, DC 20044 |
| | Telephone: (202) 307-5928 |
| | Facsimile: (202) 353-0461 |
| | Email: Steven.Kushnir@usdoj.gov |
| July 26, 2021 | Attorneys for Defendant |