IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Bid Protest

| | |
|---|---|
| WORKHORSE GROUP, INC. <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant, <br><br> and <br><br> OSHKOSH DEFENSE, LLC, <br><br> Defendant-Intervenor. | Case No. 21-1484 C <br><br> Judge Zachary N. Somers |

**OSHKOSH DEFENSE, LLC'S UNOPPOSED MOTION TO EXTEND THE DEADLINE TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rules 6(b)(1)(A) and 6.1 of the Rules of the United States Court of Federal Claims ("RCFC"), Oshkosh Defense, LLC ("Oshkosh"), respectfully requests that the Court extend the deadline for Oshkosh to file its reply in support of its motion to dismiss by seven days from July 27, 2021 to August 3, 2021.  Oshkosh has not previously requested an extension for this filing.  For the reasons stated below, there is good cause to grant this extension.  Oshkosh conferred with counsel for Workhorse Group, Inc. ("Workhorse") and the United States, and neither party opposes Oshkosh's request for an extension.

**I.      BACKGROUND**

On June 16, 2021, Workhorse filed a Complaint challenging the United States Postal Service's ("USPS") award of a contract for Next Generation Delivery Vehicles to Oshkosh. Dkt. No. 1.  On June 17, 2021, this Court held a scheduling conference during which the

parties agreed to brief whether the Court should dismiss Workhorse's Complaint for failure to exhaust its administrative remedies. *See* Dkt. No. 15. That same day, the Court issued a scheduling order with the following briefing schedule for the defendants' motions to dismiss:

- On or before **July 6, 2021**, the government shall file a motion to dismiss Plaintiff's complaint under Rule 12(b)(1) of the Rules of the Court of Federal Claims for lack of subject-matter jurisdiction due to Plaintiff's alleged failing to exhaust its administrative remedies. Defendant-Intervenor may also file a brief in support of the government's motion to dismiss.

- On or before **July 20, 2021**, Plaintiff shall file its response to the government's motion to dismiss.

- On or before **July 27, 2021**, the government shall file a reply in support of its motion to dismiss. Defendant-Intervenor may also file a brief in support of the government's motion to dismiss.

- Government shall **FILE** the Administrative Record within one-week of the Court's ruling on the government's motion to dismiss.

*Id.* at 1.

Oshkosh and the United States timely filed their respective motions to dismiss on July 6, 2021. *See* Dkt. Nos. 29-30. Workhorse timely filed its response on July 20, 2021. Workhorse's response raises a number of arguments regarding exhaustion, but also argues that the administrative process established by the USPS to resolve disagreement letters violates the Constitution's Appointments Clause. On July 21, the morning after Workhorse filed its response, the United States emailed counsel for Oshkosh and Workhorse asking the parties if they would consent to extending the deadline to file replies by one week to August 3, 2021 to provide the United States enough time to properly address Workhorse's Appointments Clause challenge. Oshkosh agreed that the Appointments Clause challenge would require additional time for briefing, and informed the parties that it would also request a one-week extension. Workhorse's counsel stated that he did not oppose extending the reply deadline for either the

2

United States or Oshkosh.

## II. GOOD CAUSE EXISTS TO EXTEND THE DEADLINE FOR OSHKOSH TO FILE ITS REPLY

Pursuant to RCFC 6(b)(1)(A), the Court may, for good cause, extend the filing deadline for Oshkosh's reply. Good cause exists here for several reasons. First, Oshkosh has been diligently preparing to respond to the arguments that Oshkosh expected Workhorse to raise regarding exhaustion, and would have been ready to file its reply brief by the original deadline, but for the Appointments Clause challenge.

Second, the Appointments Clause challenge raises unique issues that could have implications impacting the Government's procurement process should the Court agree with Workhorse's position. It is therefore important that Oshkosh and the United States fully research and brief this matter to ensure that the Court has all relevant information at its disposal before rendering a decision on the issue.

Third, Oshkosh has requested a short extension of only seven days – from one week to two weeks. By default, the RCFC provides parties 14 days to file a reply in support of a 12(b) motion to dismiss. *See* RCFC 7.2(b)(2). Therefore, by granting the extension, the Court will provide Oshkosh the same amount of time to file its reply that parties generally have under the Court's rules. *Id.*

Fourth, the extension will not materially disrupt this litigation. The United States has filed a similar motion requesting the same extension to file its reply. Thus, both defendants will file their replies on the same day. Moreover, Workhorse has not requested an expedited review of this matter or emergency injunctive relief. Therefore, the extension will not impact this litigation should the Court decline to dismiss the protest.

Finally, none of the parties will be prejudiced from the extension. In fact, all parties, including Workhorse, have represented that they do not object to this limited extension. Accordingly, good cause exists for the Court to extend the deadline for Oshkosh to file its reply by seven days from July 27, 2021 to August 3, 2021, and Oshkosh respectfully requests that the Court grant this motion.

Dated: July 26, 2021                                     Respectfully Submitted,

                                                                                 /s/ Scott Arnold
                                                                                 Scott Arnold
                                                                                 **BLANK ROME LLP**
                                                                                 1825 Eye Street, NW
                                                                                 Washington, D.C. 20006
                                                                                 T: (202) 420-4736
                                                                                 F: (202) 379-9274
                                                                                 E: Sarnold@blankrome.com
                                                                                 *Counsel for Oshkosh Defense, LLC*

Of Counsel:
Justin A. Chiarodo
Stephanie M. Harden
Robyn N. Burrows
Michael J. Montalbano
BLANK ROME LLP
1825 Eye Street, NW
Washington, D.C. 20006

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2021, I caused a copy of the foregoing Oshkosh Defense, LLC's Unopposed Motion To Extend the Deadline To File Reply in Support of Motion To Dismiss to be served via electronic service through the Courts ECF filing system on all parties of record.

/s/ Scott Arnold
Scott Arnold
**BLANK ROME LLP**
1825 Eye Street, NW
Washington, D.C.  20006
T: (202) 420-4736
F: (202) 379-9274
E: Sarnold@blankrome.com
*Counsel for Oshkosh Defense, LLC*