# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | |
|---|---|
| WORKHORSE GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | Case No. 21-1484C |
| ) | |
| Defendant, ) | (Judge Somers) |
| ) | |
| and ) | |
| ) | |
| OSHKOSH DEFENSE, LLC, ) | |
| ) | |
| Defendant-Intervenor. ) | |
| ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENDED BRIEFING

Pursuant to Rules 7(b) and 7.2 of the Rules of the United States Court of Federal Claims (RCFC), as well as the Court's August 12, 2021 order (ECF No. 47), defendant, the United States, hereby respectfully submits this response in opposition to the motion for extended briefing filed by plaintiff, Workhorse Group, Inc. (Workhorse). For the reasons stated below, the Court should deny Workhorse's motion, and proceed to a prompt resolution of the pending motions to dismiss.

This case concerns a United States Postal Service (Postal Service) procurement for next generation mail delivery vehicles. On July 6, 2021, we filed a motion to dismiss based on Workhorse's admitted failure to exhaust mandatory administrative remedies. *See* Def. Mot. to Dismiss, ECF No. 29. The awardee, defendant-intervenor Oshkosh Defense, LLC (Oshkosh), filed a similar motion that same day. *See* Inter. Mot. to Dismiss, ECF No. 30. In opposing these motions, Workhorse argued, for the first time, that the Postal Service's administrative remedies

violate the Constitution's Appointments Clause. *See* Pl. Opp'n at 23-24, ECF No. 38. In our reply, we established that Workhorse has forfeited its newfound Appointments Clause challenge by failing to raise it before the Postal Service, which deprived the Postal Service of an opportunity to address this issue in the first instance. *See* Def. Reply at 15-17, ECF No. 42. We also explained that the Court should not substantively consider this argument because Workhorse failed to properly raise it before the Court. *See id.* at 17-18. But, in the unlikely event the Court wishes to consider Workhorse's Appointments Clause argument despite these deficiencies, we noted that a comprehensive response would require 30 additional days. *Id.* at 18 n.7.

The Court has recently expressed a desire to schedule oral argument on the Government's and Oshkosh's pending motions to dismiss. In so doing, the Court has not indicated that it intends to consider the merits of Workhorse's Appointments Clause challenge. Nor has the Court suggested that the briefing before it is insufficient to resolve the issue. Nonetheless, Workhorse now asks the Court to compel unnecessary supplemental briefing, because it believes that "it is important that the issue be fully briefed." Pl. Mot. for Extended Briefing at 2, ECF No. 46. Workhorse does not attempt to explain why briefing a forfeited argument might be "important." *See id.*

It is well established that courts should refrain from addressing the merits of a forfeited argument. When a party forfeits a constitutional challenge, "[c]ourts may for that reason refuse to consider [the argument] even though a like objection had previously been sustained in a case in which it was properly taken." *Yakus v. United States*, 321 U.S. 414, 444 (1944). This principle holds true for cases, such as this one, where a party forfeits a constitutional challenge by failing to exhaust applicable administrative remedies. The Supreme Court held long ago that "courts should not topple over administrative decisions unless the administrative body not only

2

has erred but has erred against objection made at the time appropriate under its practice." *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952).  Accordingly, even within the specific context of Appointments Clause challenges, "[f]ailure to comply with a mandatory exhaustion requirement *prevents judicial review of the issue*."  *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019) (emphasis added).

As we demonstrate in our reply brief, Workhorse has forfeited its Appointments Clause challenge by failing to exhaust the Postal Service's mandatory administrative remedies.  *See* Def. Reply at 15-18, ECF No. 42.  Such forfeiture, in turn, prevents judicial review of this issue.  An additional briefing period to explicate this forfeited argument will do nothing more than stall resolution of the pending motions to dismiss, thus needlessly delaying the case.

This conclusion is further supported by the doctrine of constitutional avoidance.  "[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter." *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring).  In other words, when it is "unnecessary to reach the constitutional question presented," Federal courts should strive to avoid the constitutional question.  *Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 343 (1999). *See also Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable."); *Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1330 n.9 (Fed. Cir. 2021).  By forfeiting the Appointment Clause argument it now raises, Workhorse has made this issue unnecessary to decide the case.  The Court should avoid needlessly addressing this constitutional question.

Strictly enforcing the forfeiture rule is also particularly important in bid protest cases like this one. When a case is brought pursuant to this Court's bid protest jurisdiction, Congress has directed the Court to "give due regard to . . . the need for expeditious resolution of the action." 28 U.S.C. § 1491(b)(3). The Federal Circuit has relied on this statutory language when enforcing a similar forfeiture principle, holding that prompt resolution of bid protests is necessary to reduce inefficiencies and costs for procuring agencies. *See Inserso Corp. v. United States*, 961 F.3d 1343, 1352 (Fed. Cir. 2020) (citing *Bannum, Inc. v. United States*, 779 F.3d 1376 (Fed. Cir. 2015)). Likewise here, the Postal Service wishes to expeditiously resolve Workhorse's protest to eliminate the costs of litigation and get finality over this vital procurement. Additional time to brief a forfeited argument would be inconsistent with Congress's directive.

Finally, even if supplemental briefing was necessary (which it is not), Workhorse's request for the opportunity to file a "reply" brief, *see* Pl. Mot. for Extended Briefing at 2, ECF No. 46, should be denied. Workhorse raised its Appointments Clause challenge for the first time in response to the Government's and Oshkosh's motions to dismiss. *See* Pl. Opp'n at 23-24, ECF No. 38. Any further briefing on this issue by either the Government or Oshkosh would be in reply to Workhorse's response. If Workhorse were permitted to file an additional brief, such a brief would be a fourth round of briefing – thus making it, in essence, a sur-reply.

This Court has previously held that sur-replies are "generally disfavored," in part because it is inappropriate for the non-movant to "get the last word." *Am. Safety Council, Inc. v. United States*, 122 Fed. Cl. 426, 431 (2015). *See also NeuroGrafix v. United States*, 111 Fed. Cl. 501, 503-04 (2013) (explaining that "fairness" requires the movant to have the last word). There is no reason why Workhorse, the non-movant, should get the last word on the Government's and

Oshkosh's motions to dismiss, especially since it was Workhorse's choice not to raise its Appointments Clause argument earlier. The Government – not Workhorse – should get the last word on the Government's pending motion.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Workhorse's motion for extended briefing (ECF No. 46).

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARTIN F. HOCKEY, JR.
Acting Director

/s/ Douglas K. Mickle
DOUGLAS K. MICKLE
Assistant Director

| OF COUNSEL: | /s/ Borislav Kushnir |
|---|---|
| | BORISLAV KUSHNIR |
| MICHELLE A. WINDMUELLER | Trial Attorney |
| MICHAEL F. KIELY | Commercial Litigation Branch |
| ROBERT J. DIETZ | Civil Division |
| Attorneys | U.S. Department of Justice |
| United States Postal Service | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington, DC 20044 |
| | Telephone: (202) 307-5928 |
| | Facsimile: (202) 353-0461 |
| | Email: Steven.Kushnir@usdoj.gov |
| August 18, 2021 | Attorneys for Defendant |